IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID MEDRANO<br>(BOP Register No. 42150-177), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:18-cv-514-N-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Petitioner David Medrano, an inmate at FCI Seagoville (an institution in the Dallas Division of this district), has filed a *pro se* 28 U.S.C. § 2241 habeas petition, challenging his federal criminal judgment, presumably under 28 U.S.C. § 2255(e) – Section 2255's "savings clause." This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss Medrano's Section 2241 petition for lack of jurisdiction.

**Applicable Background**

Medrano "pleaded guilty to counts four and seven of a seven-count indictment" – "[c]ount four charged [him] with possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); count seven charged him

-1-

with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1)" – and he was sentenced "to a term of imprisonment of 360 months, followed by a four-year term of supervised release." *United States v. Medrano*, Nos. 4:12-cv-741-A & 4:10-cr-149-A, 2013 WL 1092813, at *1 (N.D. Tex. Mar. 15, 2013). The United States Court of Appeals for the Fifth Circuit affirmed. *See United States v. Medrano*, 452 F. App'x 469 (5th Cir. 2011) (per curiam). And Medrano's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was denied. *See generally Medrano*, 2013 WL 1092813.

Medrano, through the Section 2241 petition, appears to challenge, once again, the enhancement of his sentence under U.S.S.G. § 2D1.1(b)(1), "which provides for a two-level increase for offenses involving drugs '[i]f a dangerous weapon (including a firearm) was possessed.'" *Medrano*, 452 F. App'x at 470 (quoting § 2D1.1(b)(1)). As the Fifth Circuit noted in addressing this enhancement on direct appeal,

> [a] § 2D1.1(b)(1) enhancement is appropriate if a weapon is present "unless it is clearly improbable that the weapon was connected with the offense." § 2D1.1, comment. (n.3). It does not matter whether Medrano used or intended to use the weapons. Rather, the pertinent fact is that the weapons could have been used. *See United States v. Jacquinot*, 258 F.3d 423, 431 (5th Cir. 2001). As Medrano did not present evidence to rebut the facts set forth in the PSR, the district court was entitled to rely upon the facts set forth therein. *United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995). Facts in the PSR establish that firearms were present in Medrano's residence, he conducted drug trafficking activities from his home, and drug paraphernalia was found in the home. Thus, it was not clearly improbable that the weapons were connected with the offense, and the district court did not commit clear error when it enhanced Medrano's sentence pursuant to § 2D1.1(b)(1). *See United States v. Mergerson*, 4 F.3d 337, 350 (5th Cir. 1993).

*Id.* at 470-71 (citation modified).

**Legal Standards and Analysis**

"Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require,'" *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); that statute "authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government," *Gatte v. Upton*, No. 4:14-cv-376-Y, 2014 WL 2700656, at *1 (N.D. Tex. June 13, 2014) (footnote omitted). Further, under the Rules Governing Section 2254 Cases in the United States District Courts – which "also apply to § 2241 habeas cases," *Romero v. Cole*, No. 1:16-cv-148, 2016 WL 2893709, at *2 & n.4 (W.D. La. Apr. 13, 2016) (collecting authority, including *Castillo v. Pratt*, 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001)), *rec. accepted*, 2016 WL 2844013 (W.D. La. May 12, 2016) – "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition," RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

Section 2241 "is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)); *see also Robinson v. United States*, 812 F.3d 476, 476 (5th Cir. 2016) (per curiam) ("Section 2255 provides 'the primary means of collaterally attacking a federal sentence.' Section 2241, on the other hand, is used to challenge 'the manner in which a sentence is executed.'" (quoting *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000))).

And a Section 2241 petition "that raises errors that occurred at or prior to sentencing" – like Medrano's petition – "should be construed as a § 2255 motion." *Robinson*, 812 F.3d at 476 (citing *Tolliver*, 211 F.3d at 877-78).

But, under Section 2255's

> savings clause, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained if the petitioner shows that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *see also* § 2255(e).
>
> [A petitioner] has the burden of showing that the § 2255 remedy is inadequate or ineffective. *See Wesson v. United States Penitentiary Beaumont, TX*, 305 F.3d 343, 347 (5th Cir. 2002). He must show that his claims are "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and were "foreclosed by circuit law at the time when the claim[s] should have been raised in [his] trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *see also Jeffers*, 253 F.3d at 830-31.

*Id.* at 476-77.

Because Medrano's petition fails to raise a claim "that is based on a retroactively applicable Supreme Court decision," the Court is "without jurisdiction to consider [it]." *Sanchez v. Chandler*, No. 4:15-cv-458-Y, 2015 WL 4486773, at *1 & *2 (N.D. Tex. July 23, 2015) (citing *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904; *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003)); *cf. Scott v. Ebberts*, No. 1:09-CV-2379, 2010 WL 391814, at *4 (M.D. Penn. Jan. 11, 2010) ("[T]he remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.").

## Recommendation

The Court should summarily dismiss the habeas petition for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 7, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE